On application for rehearing, the State contends that the defendant affirmatively waived his right to raise the challenge to the jury.
On June 18, 1981, a motion to quash the indictment was filed raising numerous grounds, including alleged systematic exclusion of minorities from the grand jury and petit jury rolls. However, when this *Page 1000 
motion came on to be heard on December 18, 1981, it was submitted without evidence or argument and was overruled.
On October 24, 1983, the cause came on for trial before Circuit Judge James S. Garrett and a jury. The petitioner was attended by his three attorneys, James Jolly, Ronda Lacey, and James G. Stevens. The State was represented by its district attorney, John Paul DeCarlo, and his deputies, Ken Gomany, Tom Sowa, and Russell R. McDonald. After a lengthy jury qualification procedure, the jury was struck and those not stricken were placed in the box. At that point, the court, through the bailiff, asked:
 "Are both the attorneys for the State and the defense satisfied we have the correct jury in the box?"
The defense responded:
 "The defense is satisfied we have the correct jury in the box. . . ."
Hearing no objection from either side to the jury selected, the trial judge thanked the stricken veniremen and dismissed them. No objection was made to this by either party.
The judge then ordered the jury sworn. No objection came from either side, and the jury was sworn.
He then gave the jury a lengthy charge on their duties and responsibilities as jurors, and released them for the night in the care of bailiffs. No objection was made to these actions.
The proceedings adjourned at 6:20 p.m., with neither party making any objection to the jury as selected.
Over 14 hours later, at 9:10 a.m., October 25, 1983, "trial resumed" and the petitioner for the first time objected to the jury that had been struck, agreed on, and sworn the day before. The objection was overruled.
In the original opinion it affirmatively appears that the trial judge did not base his ruling on defendant's objection on the ground that it came too late — after the jury was sworn but before the receipt of evidence. In this case, the trial judge based his ruling upon an erroneous application of the law. I believe that, under these facts, Batson applies.